**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4541**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JAMIE GONZALEZ-LOPEZ, a/k/a "Amigo",

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:11-cr-00124-FL-3)

_____

Submitted: May 30, 2013                Decided: June 7, 2013

_____

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Renée Paradis, San Francisco, California, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Gonzalez-Lopez appeals his 135-month sentence imposed upon his guilty plea to conspiracy and possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). At sentencing, the district court upheld the presentence report's conclusion that Gonzalez-Lopez was responsible for 5.5 kilograms of cocaine, resulting in a base offense level of 32. After a two-level enhancement for obstruction of justice by intimidating a witness, a two-level enhancement for being an organizer or leader, and a three-level reduction for acceptance of responsibility, Gonzalez-Lopez's total offense level was 33. With a criminal history category I, Gonzalez-Lopez's advisory Guidelines range was 135-168 months of imprisonment. The court imposed a sentence at the bottom of the range. Gonzalez-Lopez asserts that the district court erred in applying both enhancements.

We review a sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments

presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "In considering the district court's application of the Sentencing Guidelines, [this court] review[s] factual findings for clear error and legal conclusions de novo." United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

A two-level increase to a defendant's base offense level is warranted "[i]f the defendant was an organizer, leader, manager, or supervisor" in the charged offense and the offense involved fewer than five participants. U.S. Sentencing Guidelines Manual (USSG) § 3B1.1(c) (2011). The adjustment applies if the defendant organized, led, managed, or supervised one or more participants. USSG § 3B1.1, cmt. n.2. If a defendant receives an adjustment for his role in the offense under § 3B1.1, he may also receive a two-level enhancement where "the defendant engaged in witness intimidation, tampered with or destroyed evidence, or otherwise obstructed justice in connection with the investigation or prosecution of the offense." USSG § 2D1.1(b)(14)(D).

We have reviewed the record and the arguments of the parties and conclude that the district court did not clearly err in finding that both enhancements should apply. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED